```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA

                    Alexandria Division

WEBUSENET, INC.,                    )
                                    )
     Plaintiff,                     )
                                    )
          v.                        )    1:05cv544(JCC)
                                    )
XO DOMESTIC HOLDINGS, INC. et al., )
                                    )
     Defendants.                    )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' motion for judgment on the pleadings. For the reasons stated below, the Court will grant Defendants' motion.[1]

### **I. Background**

Plaintiff, WebUseNet, Inc. ("WebUseNet") and Defendants, XO Domestic Holdings, Inc., XO Long Distance Services, Inc., and XO Georgia, Inc. (collectively "XO") are telecommunications providers. XO is in the business of providing services, including long distance and Internet services, which WebUseNet was interested in obtaining. The course of negotiations led to two forms of an agreement: 1) the Evergreen Agreement dated October 24, 2002, which WebUseNet signed ["Original Evergreen Agreement"], and 2) another form of the Evergreen Agreement, dated October 24, 2002, which is identical

---

[1] Plaintiff has not filed any opposition to the motion.

to the Original Evergreen Agreement with the exception of some deleted provisions ["Modified Evergreen Agreement"].  Although the Modified Evergreen Agreement contains a signature purporting to be that of a WebUseNet representative, WebUseNet asserts that the signature is not that of one of its representatives.

On October 19, 2005, WebUseNet filed a complaint against XO in a Georgia state court alleging breach of contract, breach of duty of good faith and fair dealing, and fraud.  XO sought punitive damages in addition to attorneys' fees.  XO subsequently removed the action to federal court and filed a motion to transfer to this Court.  On May 5, 2005, the motion to transfer was granted.

## II. Standard of Review

Pursuant to Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial."  Fed. R. Civ. P. 12(c).  The pleadings are considered closed "upon the filing of a complaint and answer."  5A C. Wright & A. Miller, Federal Practice & Procedure § 1367 (West 1990)(citing Fed. R. Civ. P. 7(a))(footnotes omitted).

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard applied to a Rule 12(b)(6) motion.  *See Edwards v. City of Goldsboro*, 178 F.2d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion to dismiss tests the legal

sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### III. Analysis

Defendants XO rest their entire Motion on a statement made by WebUseNet in a supplemental reply memorandum in opposition to the motion to transfer.  The statement, referring to both the Modified Evergreen Agreement and the Original Evergreen Agreement, is as follows: "Neither of those documents bind the parties in this Case as there was clearly no meeting of the minds as to the terms contained in those agreements. . . . This is not a breach of contract case." (See Def. Mot. Ex. 3.) In this same memorandum, WebUseNet asserts that "[t]his Case is about the XO Defendants' conduct in misrepresenting their intentions respecting a business venture with WebUseNet, which misrepresentations were justifiably relied on by WebUseNet when it invested more than a millions [sic] dollars in infrastructure and equipment here in Georgia." *Id.*

Defendants assert that WebUseNet's admission that the parties never had a binding agreement completely resolves this

matter.  The Court agrees.  Quite simply, Count I, the breach of contract claim, cannot stand if no contract was formed, and Plaintiff admits that no contract was in fact formed.

If Count II, the breach of covenant of good faith and fair dealing claim, arises out of no other relationship but the contractual relationship between the parties, Plaintiff's statement that concedes there is no contract bars this claim.  If the claim does not arise out of a contractual relationship, then Plaintiff has failed to state a claim on which relief can be granted because there is no independent cause of action for a breach of the implied duty of good faith and fair dealing.  *See Aldrich v. Old Point Nat'l Bank*, 35 Va. Cir. 545, 549 (1993)("This Court can find no state or federal decision in Virginia that has held that there is an independent cause of action based on [the duty of good faith and fair dealing.]").  Although Plaintiff's complaint does not clearly relay which of these two options Plaintiff is forwarding, it is sufficient that both are barred.  Thus, Claim II is likewise barred by either Plaintiff's statement or the lack of an independent cause of action.

Additionally, Count III is also barred due to Plaintiff's written statement.  In its complaint, WebUseNet claimed that XO made false representations to Plaintiff with the intention that Plaintiff would rely upon them.  These statements

were made to "induce Plaintiff to enter into a business relationship with the XO Defendants." (Complaint ¶18(a)).  The Court understands this statement to refer to fraudulent inducement of a contract.  Later asserting that there was "no meeting of the minds" as to either of the Evergreen Agreements prohibits Plaintiffs from asserting that they were fraudulently induced into entering a contract.  Because no contract existed, no fraud to enter into a contract could have occurred.

Additionally, upon finding no contractual fraud, the only grounds on which a general fraud claim could stand is fraud resulting from a tortious breach of duty.  Because there was no relationship between these parties outside of the broadly-defined contractual relationship, there are no grounds for supporting Plaintiff's fraud claim.  *See Richmond Metropolitan Authority v. McDevitt Street Bovis*, 507 S.E.2d 344, 347 (Va. 1998).

Finally, because the Court grants Defendants' Motion as to the substantive counts - Counts I, II, and III, - Plaintiff's Counts IV and V, which seek damages and fees, are likewise barred as derivative of the substantive counts.

## IV. Conclusion

        For the reasons stated above, the Court will grant Defendants' Motion for Judgment on the Pleadings.  An appropriate Order will issue.


October__5_, 2005                     _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE